UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **KATRINA GASKINS,** | ) Case No.: 1:21-cv-10464 |
| | ) |
| | ) COMPLAINT FOR DAMAGES |
| | ) FOR VIOLATION OF THE |
| Plaintiff. | ) TELEPHONE CONSUMER |
| | ) PROTECTION ACT 47 U.S.C. § 227 |
| v. | ) ET SEQ. |
| | ) |
| **NEWREZ, LLC d/b/a** | ) JURY TRIAL DEMANDED |
| **SHELLPOINT MORTGAGE** | ) |
| **SERVICING,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

KATRINA GASKINS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NEWREZ, LLC d/b/a SHELLPOINT MORTGAGE SERVICING ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the

United States. See Mins v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Massachusetts and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Mattapan, Massachusetts 02126.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its headquarters located at 75 Beattie Place, #300, Greenville, South Carolina 29601.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff only used this number as a cellular telephone number.

12. Defendant placed repeated harassing telephone calls to Plaintiff on

her cellular telephone.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system, automated messages, and/or a prerecorded voice.

14. Defendant's calls to Plaintiff's cellular telephone would usually begin with a pre-recorded voice or a noticeable delay before Plaintiff was transferred to a live agent or the call terminated.

15. Defendant's telephone calls to Plaintiff cellular telephone were not made for "emergency purposes."

16. Shortly after calls began, Plaintiff demanded that Defendant stop placing calls to her cellular telephone, thereby revoking any consent that Defendant may or may not have thought it had to call her.

17. Once Defendant was aware its calls were unwanted, any further calls could only have been for the purpose of harassment.

18. Plaintiff found the Defendant's repeated calls upsetting, harassing, aggravating, annoying, frustrating, and invasive.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

21. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes, but rather were placed in its attempts to attempt to collect an alleged account balance owed by Plaintiff.

23. After Plaintiff told Defendant to stop calling, Defendant was on notice that any applicable consent, if any ever existed, was revoked.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent lawful right, legal defense, legal justification, or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the loss and damages set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

WHEREFORE, Plaintiff, KATRINA GASKINS, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KATRINA GASKINS, demands a jury trial in this case.

                                          RESPECTFULLY SUBMITTED,

DATED: 03/18/21           KIMMEL & SILVERMAN, P.C..

                               By: /s/ Craig T. Kimmel
                                   Craig T. Kimmel
                                   Kimmel & Silverman, P.C
                                   30 East Butler Pike
                                   Ambler, PA 19002
                                   Telephone: (215) 540-8888
                                   Facsimile (215) 540-8817
                                   Email:teamkimmel@creditlaw.com
                                   Attorney for Plaintiff